FILED

2005 JUN -1 P 3: 42

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 27 AM 11: 11

LORETTA G. WHYTE
CLERK

04-16321

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:

EUGENE CEPHUS

CIVIL ACTION

NO. 05-0883

SECTION "T"(4)

Before the Court is an Ex Parte Motion to Dismiss Untimely and Improperly Filed Appeal, filed on behalf of Vanderbilt Mortgage and Finance, Inc. This cause came for hearing on April 20, 2005, without oral argument. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

### ORDER AND REASONS

On August 18, 2004, Eugene Cephus filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana, case number 04-16321. At that time Mr. Cephus lived in a motor home on which Vanderbilt Mortgage and Finance, Inc., held the note. On December 1, 2004, Vanderbilt Mortgage obtained an order lifting the automatic stay in the bankruptcy. On December 9, 2004, Mr. Cephus filed a Motion to Reconsider the lifting of the

1

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

automatic stay, and on January 5, 2005, the Bankruptcy Court signed an order granting Mr. Cephus' Motion to Withdraw his Motion to Reconsider. On January 18, 2005, Mr. Cephus filed a Notice of Appeal with the Bankruptcy Court.

Vanderbilt Mortgage asserts in its Motion to Dismiss that since the Notice of Appeal was not filed until January 18, 2005, it was untimely. Vanderbilt Mortgage further argues that because the Motion to Reconsider was later withdrawn, it should be deemed to have never been filed, and thus it did not interrupt the running of the delays for filing the appeal. Also, Vanderbilt contends that the Notice of Appeal was not accompanied by a Motion for Appeal as required by Bankruptcy Rule 8001, nor was a "Designation of Items and Issues to be Included in the Appeal" served, pursuant to Bankruptcy Rule 8006. Finally, Vanderbilt Mortgage submits that no fees have been paid by the debtor for the appeal. Mr. Cephus did not file any opposition to Vanderbilt Mortgage's Motion to Dismiss.

According to Bankruptcy Rule 8002, a notice of appeal must be filed with the clerk of the bankruptcy court within ten (10) days of the date of the entry of the judgment, order, or decree appealed from. Fed. R. Bankr. Pro. Rule 8002 (2005). In this case the order appealed from was the order lifting the automatic stay, which was signed on December 1, 2004. Mr. Cephus did not file a Notice of Appeal with the clerk of the Bankruptcy Court until January 18, 2005, much later than ten days from the signing of the order. Because Mr. Cephus' Motion to Reconsider was later withdrawn, it is deemed to have never been filed, and thus it does not interrupt the filing delays for a timely filed notice of appeal. Therefore, the Notice of Appeal was untimely and should be dismissed.

2